Gail J. Standish (SBN: 166334)
gstandish@winston.com
Peter E. Perkowski (SBN: 199491)
pperkowski@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Don J. Mizerk (SBN: 208477)
don.mizerk@huschblackwell.com
HUSCH BLACKWELL SANDERS LLP
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Telephone:  (312) 655-1500
Facsimile:  (312) 655-1501

Attorneys for Defendants

Paul J. Andre (SBN: 196585)
pandre@kslaw.com
Lisa Kobialka (SBN: 191404)
lkobialka@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone: (650) 590-0700
Facsimile: (650) 590-1900

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LIMITED and JAZZ PHARMACEUTICALS, INC., | Case No. SACV09-01193 MRP (MLGx) |
| | The Hon. Mariana R. Pfaelzer |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| ANCHEN PHARMACEUTICALS, INC. and ANCHEN, INC., | Complaint Filed:  Oct. 14, 2009 |
| Defendants. | |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

# STIPULATED PROTECTIVE ORDER

Elan Pharma International Limited and Jazz Pharmaceuticals, Inc., ("Plaintiffs") and Anchen Pharmaceuticals, Inc. and Anchen, Inc. ("Defendants") (individually, a "Party," collectively, the "Parties") have stipulated to this Order by their undersigned counsel.

The Parties represent that pre-trial discovery in this case will necessarily include matters that are confidential and proprietary to the on-going business of the Parties and may require the production of the Parties' respective research and development efforts, clinical trials, proprietary product formulations, methods of manufacture, and material non-public financial information.

Such information falls within recognized categories of information that may be protected from public disclosure through confidentiality designations under a protective order. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (allowing protection of "trade secret or other confidential research, development or commercial information").

The Parties further represent that public disclosure of such material poses a substantial risk of great economic harm in that discovery of a Party's trade secrets and other proprietary commercial information would put the party at a competitive disadvantage and would be a windfall to the discovering (competing) Party.

For the foregoing reasons, good cause exists for entry of this Order to facilitate pre-trial disclosure while assuring the safety of these sensitive disclosures. *See* Fed. R. Civ. Proc. 26(c).

This Order shall apply to pre-trial out-of-court discovery and pre-trial filings with the Court, to include any third party discovery. The parties agree to confer in good faith, in consultation with the Court, in establishing procedures for the use of materials designated as confidential in any evidentiary hearing or trial, which may include a request to close the Courtroom when

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

-1-
STIPULATED PROTECTIVE ORDER

confidential information may be revealed in the course of such hearing or trial. In the absence of an agreement of the parties or further order of the Court, no confidential materials may be used in any public hearing.  This Order does not restrict or govern the use of any materials at trial.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of pre-trial proceedings in this action.

1.    This Stipulated Protective Order (the "Order") shall govern the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts that are produced or provided in the course of pre-trial discovery and preparation for trial in case SACV09-01193 (the "Litigation").

2.    The period of time within which any action must or can be performed pursuant to this Order shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure.

3.    Discovery Material (as defined in Paragraph 6 below) designated by any Producing Party as "CONFIDENTIAL" under the provisions of this Order shall be used solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose. For purposes of this Order, the term "Producing Party" means any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material.   The term "Receiving Party" means any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

4.    This Order shall apply to all information, documents and other items subject to discovery in this Litigation, including without limitation testimony adduced at depositions upon oral examination or upon written

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, answers to requests for admission pursuant to Rule 36, and documents, things, or testimony obtained from non-parties pursuant to Rule 45, and regardless of whether the material is filed with the Court.

5.    For purposes of this Order, the term "document" means all tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

6.    The term "Discovery Material" means any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, production documents, product samples and any information or data derived from such samples, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

7.    A Party may designate as "CONFIDENTIAL" any Discovery Material (including discovery responses or portions thereof) that is not publicly known and contains or discloses information relating to, referencing, or pertaining to highly sensitive or highly proprietary technical, business or personal information, the improper use or disclosure of which could do harm to the Producing Party's business, employees, or other persons, including but not limited to confidential customer lists, trade secrets relating to current or future products, non-public documents concerning

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

pending patent applications, documents providing the formulation ingredients and amounts, and non-public FDA filings and/or FDA communications or drafts thereof, provided that such materials meet the definition of CONFIDENTIAL Discovery Material contained in this paragraph.  The designation "Confidential" shall be made by stamping or writing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the Discovery Material so designated. Discovery Material that is designated CONFIDENTIAL may be disclosed only to the individuals identified in Paragraph 13, *infra*. Discovery Material that is designated CONFIDENTIAL must be used solely for the Litigation and the preparation and trial of the Litigation, or in any related appellate proceedings.  The Discovery Material and any information contained therein shall not be used for any other purpose, directly or indirectly, including without limitation any other litigation, any patent prosecution, or any communication with the FDA.

8.    Discovery Material designated as "CONFIDENTIAL" in accordance with the terms of this Order and the information contained therein hereinafter is referred to collectively as "Confidential Material."   All Confidential Material not reduced to documentary or tangible form or which cannot reasonably be designated in the manner set forth in Paragraph 7, *supra*, shall be designated as "CONFIDENTIAL" by informing the Receiving Party of such designation in writing contemporaneous with the production of the Confidential Material and by labeling the container for such Confidential Material with the appropriate legend.

9.    Each person to whom Confidential Material is to be given, shown, disclosed, made available or communicated in any way in accordance with this Order and who is required to do so pursuant to Paragraph 13,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

shall first execute an Acknowledgement of Stipulated Protective Order in substantially the form shown in Exhibit A ("Acknowledgment").  An executed Acknowledgement shall be deemed a discovery paper and served in accordance with Rule 5 of the Federal Rules of Civil Procedure, or as agreed by the Parties.  All Confidential Material must be used solely for the Litigation and the preparation and trial of the Litigation, or any related appellate proceedings, and not for any other purpose, including without limitation any other litigation, any patent prosecution, or any communication with the FDA.

10.  A non-party to the Litigation (e.g., a third party producing Discovery Material pursuant to subpoena) may designate any Discovery Material as "CONFIDENTIAL" as set forth in Paragraph 7, *supra*.  If so designated, such Discovery Materials shall be subject to the same restrictions and conditions as Discovery Materials designated by any Party as CONFIDENTIAL.

11.  Notwithstanding the foregoing, a Producing Party's or producing non-party's inadvertent failure to designate its Discovery Material as CONFIDENTIAL as set forth in Paragraph 7, *supra*, shall not constitute a waiver of any claim that the Discovery Material is entitled to protection under this Order, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is CONFIDENTIAL within a reasonable amount of time from when the failure to designate first became known to the Producing Party.  Within a reasonable time of learning of its inadvertent failure to designate its Discovery Material as CONFIDENTIAL, any Party or non-party may so designate its Discovery Material as CONFIDENTIAL, or may correct any mis-designation, with the effect that the Discovery Material thereafter shall be subject to the protections of this Order as if the desired designation originally had been

made.  In the event that a belated designation is made, each Receiving Party promptly shall take all reasonable steps to implement the designation in accordance with the Federal Rules of Civil Procedure.

12.   A Party or non-party may designate any deposition transcript or portion thereof as "CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other Parties and non-parties within ten (10) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated as CONFIDENTIAL in their entirety.  Whenever Confidential Material is expected to be disclosed in a deposition, a Party or non-party expecting to make a confidentiality designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, the videographer, and those individuals authorized under Paragraphs 13 and 14 of this Order, *infra,* to receive the Confidential Material.   All designations of confidentiality shall be made reasonably and in good faith.   In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to the Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

Only persons to whom CONFIDENTIAL Discovery Material may be disclosed pursuant to this Order may be present in a deposition for testimony relating to CONFIDENTIAL Discovery Material.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13. Confidential Material shall be available only to the following persons, subject to the terms of Paragraph 9:

a. the Receiving Party's outside counsel of record in the Litigation and members, associates, and employees of the law firms of such counsel of record, to the extent necessary for that respective person's involvement in the Litigation. Notwithstanding the foregoing, no person who is participating directly or indirectly in the prosecution of any patent application(s) as set forth in Paragraph 5 of the Acknowledgement attached hereto as Exhibit A may have access;

b. Judges, Magistrate Judges, law clerks and clerical personnel of the Court before which the Litigation are pending, including qualified court reporters;

c. the Receiving Party's outside independent consultants or experts, excluding employees, officers, or directors of a named party or owners of more than a two-percent interest in a named party, retained by any of the parties or their counsel to consult or testify in the case, subject to the provisions set forth in Paragraph 14 and provided they are not participating directly or indirectly in the prosecution of pending patent application(s) as set forth in Paragraph 5 of the Acknowledgement attached hereto as Exhibit A;

d. independent stenographic personnel, court reporters, videographers, document imaging, database services, or photocopying services providing services to the Receiving Party in the Litigation;

e. independent graphics or demonstrative services providing services to the Receiving Party in the Litigation provided that they first

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein;

f.   authors or drafters of the Confidential Material; anyone to whom the Confidential Material was addressed; anyone who received the Confidential Material prior to the commencement of this action; anyone who was the source of any information contained in the Confidential Material; anyone named in the Confidential Material; anyone who received the Confidential Material independently and outside of this action and not in violation of this Order.  A person may be shown Confidential Material at a deposition to determine if that person authored, received, knew of, or provided any information contained the Confidential Material;

g.   The Receiving Party's trial consulting services for the Litigation provided that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein;

h.   Persons who have been retained by the Receiving Party to provide translation or interpretation from one language to another provided that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein;

i.   any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made; and

j.   for each party to the Litigation, up to two designated in-house counsel of the Receiving Party, who have responsibility for supervising the Litigation, and who have no role directly or

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

indirectly in the prosecution of any patent as outlined in Paragraph 5 of Exhibit A, may have access to Confidential Material; provided, however, that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein. Before the designated in-house counsel may have access to any Confidential Material, the executed Acknowledgement shall be served as set forth in Paragraph 9. If no objection is received from the Producing Party within seven (7) calendar days of receiving the executed Acknowledgement, the designated in-house counsel may have access to Confidential Material. Confidential Material shall be maintained in a manner that prevents access by unauthorized persons and shall be used for the purpose of this Litigation only and for no other purpose.

14.  Before a Receiving Party may disclose Confidential Material to any independent expert or consultant ("Expert") pursuant to the terms of Paragraph 13(c), *supra*, that party shall, at least seven (7) calendar days prior to such disclosure, notify the Producing Party, in writing, of its intent to disclose Confidential Material to such person. Such notification shall be made to all counsel of record in the Litigation and shall include (1) the name, current address, and present employment affiliation (including job title) of the Expert to whom such disclosure is proposed, (2) a copy of the Expert's current and up-to-date resume, (3) the Expert's consulting activities and job history for the past five (5) years, (4) any past or present relationship if any, with the Receiving Party, and (5) a copy of the Acknowledgement signed by the Expert in the form attached hereto as Exhibit A. To the extent that a prospective expert cannot provide any of the aforementioned information required by (3) above, the

STIPULATED PROTECTIVE ORDER

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Receiving Party shall advise the Producing Party and the Parties shall confer in good faith to address and attempt to resolve the issue.  The Producing Party receiving such notification may, for good cause, object to the proposed disclosure by giving notice of such objection and the reasons therefore, in writing, to the Receiving Party.  Such notice of objection shall be made within seven (7) calendar days of receipt of the notification of intent to disclose, and no disclosure shall be made before expiration of the seven (7) day objection period.  If an objection is made, the involved Parties shall confer in good faith to resolve the disagreement and no disclosure may be made to such Expert absent consent by the objecting party as set forth in Paragraph 13(i), *supra*, or by order of the Court, upon application by the Party seeking to disclose Confidential Materials.  Failure to object within the time periods set forth above shall be deemed consent to the proposed disclosure as set forth in the notification.

15.  Counsel for the Parties shall employ reasonable protective measures to ensure that Confidential Material is used only for the purposes specified herein and disclosed only to authorized persons.  All Confidential Material shall be kept in a secure manner by each Receiving Party and by those who are authorized to have access to such material as set forth in Paragraph 13, *supra*.

16.  All Confidential Material presented to the Court through argument, memoranda, pleadings, or otherwise shall be submitted pursuant to this Court's rules for filing documents under seal.  All Confidential Material filed under seal shall be contained in a sealed envelope or container bearing a statement substantially in the following form:

CONFIDENTIAL INFORMATION SUBJECT TO
PROTECTIVE ORDER ENTERED BY THE COURT

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

> This envelope (or container) containing the above-identified papers filed by [name of Party] is not to be opened nor the contents thereof displayed or revealed except by further Order of the Court or by agreement of the Parties.

The contents of such filings shall be kept under seal by the Court and treated in accordance with the provisions of this Order.

17.  If a Receiving Party that has obtained Confidential Material pursuant to this Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to the Litigation, for the purpose of obtaining the disclosure of such Confidential Material, that Receiving Party shall object on the grounds that, at a minimum, the Confidential Material is covered by this Order and give prompt written notice of its receipt of such subpoena, demand, or legal process to counsel of record for all Parties to the Litigation and any participating non-party so as to allow any Party or participating non-party at least ten (10) calendar days, or such lesser time as such subpoena, demand, or legal process specifies for production, to intercede and protect its rights.

18.  In the event that any Confidential Material is disclosed to someone not authorized to receive such material under this Order, or if a person so authorized breaches any of his or her obligations under this Order, counsel of record for the Party or non-party involved immediately shall disclose the unauthorized disclosure or breach to the Producing Party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the Confidential Material and to prevent any further disclosures of the same.

STIPULATED PROTECTIVE ORDER

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

19.  If a Receiving Party objects to the designation of any Discovery Material as CONFIDENTIAL, the Receiving Party so objecting shall state the objection by letter to counsel of record for the Producing Party.  After providing this notice of objection, the Parties (and to the extent the challenged designation is made by a non-party, such non-party or its counsel) shall confer within seven (7) calendar days in an attempt to resolve the dispute regarding the designation.  If the Parties (or non-parties) are unable to resolve the dispute, the Producing Party must within an additional seven (7) calendar days move the Court for an order approving the CONFIDENTIAL designation.  Until the Court rules on the motion, the relevant Discovery Material shall continue to be treated by each Receiving Party as CONFIDENTIAL, subject to the terms of this Order.

20.  Nothing herein shall preclude anyone from seeking an order from the Court that any portion of the evidence be taken *in camera*, with all related testimony and Confidential Material sealed and withheld from the general public.

21.  Upon final termination of the Litigation and exhaustion of all avenues of appeal, each Receiving Party shall assemble and return to the appropriate Producing Party, or destroy and subsequently certify to the Producing Party destruction of, all Confidential Material (except attorney work product), and all copies thereof, provided that nothing herein shall preclude lead counsel for each of Parties from retaining one copy of any discovery responses, pleadings, and filings with the Court, and any Confidential Material that was attached or identified as an exhibit (i) to any pleading or paper submitted to the court during the course of the Litigation, (ii) to a deposition taken in the Litigation, or (iii) to a list of

exhibits used at any trial or hearing in the Litigation, and all such Confidential Material shall remain subject to this Order.

22.   In the event that any information produced in discovery is claimed to be subject to a claim of privilege or protection as trial-preparation materials, Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence shall govern any dispute related thereto.

23.   Nothing herein shall prevent a Party from seeking to amend, modify, or change the terms of this Order, either by means of a signed agreement between all of the Parties that is submitted to the Court for its approval, or by moving for relief from the Court.

24.   Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter.  The designation of Discovery Material as CONFIDENTIAL pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Confidential Material.

25.   Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to the Litigation, and in the course thereof, relying upon an examination of Confidential Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Confidential Material, nor the source of any Confidential Material, to anyone not authorized to receive such Confidential Material pursuant to the terms of this Order.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

-13-

26.  To the extent the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.

27.  Upon execution, this Order shall be binding upon the Parties hereto, and upon their respective counsel of record, successors, assigns, subsidiaries, divisions, and employees.

28.  This Order is effective on the date of its execution and shall survive the conclusion of the Litigation.

Dated: February 23, 2010        Respectfully submitted,
                                **WINSTON & STRAWN LLP**

                                By:    /s/ Peter E. Perkowski

                                     Gail J. Standish (SBN: 166334)
                                     gstandish@winston.com
                                     Peter E. Perkowski (SBN: 199491)
                                     pperkowski@winston.com
                                     WINSTON & STRAWN LLP
                                     333 S. Grand Avenue
                                     Los Angeles, CA 90071-1543
                                     Telephone: (213) 615-1700
                                     Facsimile: (213) 615-1750

                                     Don J. Mizerk (SBN: 208477)
                                     don.mizerk@huschblackwell.com
                                     HUSCH BLACKWELL SANDERS LLP
                                     120 S. Riverside Plaza, 22nd Floor
                                     Chicago, IL 60606
                                     Telephone: (312) 655-1500
                                     Facsimile: (312) 655-1501

                                     Attorneys for Defendants

Dated: February 23, 2010        Respectfully submitted,
                                **KING & SPALDING LLP**

                                By:    /s/ with consent of Lisa Kobialka

                                     Paul J. Andre (SBN: 196585)
                                     pandre@kslaw.com
                                     Lisa Kobialka (SBN: 191404)
                                     lkobialka@kslaw.com
                                     KING & SPALDING LLP
                                     333 Twin Dolphin Drive, Suite 400
                                     Redwood Shores, CA 94065
                                     Telephone: (650) 590-0700
                                     Facsimile: (650) 590-1900

                                     Attorneys for Plaintiffs

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

-14-

1  The foregoing Stipulated Protective Order is hereby approved and shall apply to

2  all information, documents, and other items subject to discovery in this Action.

3

4  **IT IS SO ORDERED.**

5  Dated:  MARCH 1, 2010

6

7

8  _____

9  Mariana R. Pfaelzer, U.S.D.J.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

-15-
STIPULATED PROTECTIVE ORDER

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ELAN PHARMA INTERNATIONAL          )
LIMITED and JAZZ                   )       Case No. SACV09-01193 MRP (MLGx)
PHARMACEUTICALS, INC.,             )
                                   )
                                   )
                Plaintiffs,        )
                                   )
         vs.                       )
                                   )
ANCHEN PHARMACEUTICALS, INC.)
and ANCHEN, INC.,                  )
                                   )
                                   )
                Defendants.        )
_____)

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1.      My name is _____.  I live at
        _____.  I am employed as
        _____ (state position) by
        _____
        _____ (state name, address and telephone number of employer).

2.      I am aware that the parties have entered into a Stipulated Protective Order (the
        "Order") in the above-captioned litigation in the United States District Court for
        the Central District of California.  A copy of the Order has been given to me
        and I have carefully read and understand it.

3.      I promise and agree that material and information designated as
        "CONFIDENTIAL" under the Order will be used by me only under and in
        accordance with the terms of the Order.

4.      I promise and agree that I will not disclose or discuss CONFIDENTIAL
        information or material to or with any person other than those persons
        specifically listed in the Order as authorized to receive such information or
        material, and according to the procedures therein specified.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

5.    I am not directly or indirectly participating, and will not for a period of two (2) years from the final conclusion of the above-captioned matters (including exhaustion of all appeals), directly or indirectly participate in any way in the prosecution of any U.S. Patent related in any way to Patent No. 7,465,462 ("'462 Patent"), or in any reissue, re-examination, or other proceeding before the U.S. Patent and Trademark Office involving the '462 Patent or any Related Patent Application.  As used herein, "Related Patent Application" means any application claiming priority to the '462 Patent including, but not limited to, continuations, continuations-in-part, divisionals, reissue and/or reexamination applications, any foreign counterpart to any of the foregoing, and any other patent application potentially applicable to any fluvoxamine maleate extended-release drug product or methods of treatment related thereto.

6.    I understand that any use or disclosure of CONFIDENTIAL information or material or any portions or summaries thereof or any information obtained therefrom in any manner contrary to the provisions of the Order, may subject me to personal liability and the sanctions of the Court.

7.    I agree to submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the terms of this Order even if such enforcement proceedings occur after termination of this action.

I declare under the penalties of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

DATED this _____ day of _____, 201_

_____
Printed Name

_____
(Signature)

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

-2-
STIPULATED PROTECTIVE ORDER